UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN CHAVARRIAGA ROJAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Defendants. | Case No. 25-cv-08172-PCP<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

Petitioners Sebastian Chavarriaga Rojas, Maria Camila Gomez Vasquez, Leon Felipe Hernandez Leal, and Julian David Carvajal Mendoza move the Court *ex parte* for a temporary restraining order that would, among other things, require their immediate release from their ongoing detention by agents of Immigration and Customs Enforcement ("ICE") and prohibit ICE from re-arresting them without providing each of them with a pre-detention bond hearing.[1] For the reasons set forth below, the Court grants the requested order in part. The Court orders defendants to release petitioners from their ongoing detention and prohibits defendants from re-arresting or otherwise re-detaining them without first providing them with a pre-detention bond hearing before an immigration judge at which the government establishes by clear and convincing evidence that the petitioner's detention is necessary to prevent the petitioner's flight or to protect the public.

---

[1] Petitioners ask the Court to order that they remain within the Northern District of California in order to preserve this Court's jurisdiction over their petition. But it is well-established that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

**BACKGROUND**

The evidence before the Court establishes that petitioners are asylum-seekers who fled Colombia and entered the United States between December 2023 and June 2024. Each was apprehended by immigration officials at the border and then released from custody pending full removal proceedings in immigration court. They have resided in the United States since that time.

On September 25, 2025, petitioners appeared at the immigration court in San Francisco for a master calendar hearing. During the hearing, the government moved to dismiss petitioners' pending removal proceedings with the intent to pursue expedited removal under § 1225(b)(1). The immigration judge continued the hearings to allow petitioners to respond to the motion.

Shortly after petitioners exited the courtroom and before they left the courthouse, ICE agents arrested them. They are currently being held at the San Francisco Immigration Court.

Petitioners, with representation of counsel, filed a petition for a writ of habeas corpus and *ex parte* motion for a temporary restraining order on September 25, 2025. Among other claims, they contend that their arrest and detention violates the Due Process Clause of the Fifth Amendment, both substantively (because defendants allegedly have no valid interest in detaining petitioners) and procedurally (because defendants have not or would not provide pre-detention bond hearings). The defendants are Sergio Albarran, Field Office Director for the San Francisco ICE field office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Bondi, Attorney General of the United States.

**LEGAL STANDARDS**

The standard for issuing a temporary restraining order is largely identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017). Petitioners seeking such relief must establish that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply

2

1    in the plaintiff's favor and the other two *Winter* factors are satisfied.'" *All. for the Wild Rockies v.*
2    *Peña*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709
3    F.3d 1281, 1291 (9th Cir. 2013)). The final two factors "merge when the Government is the
4    opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Although the substantive standards for both motions are similar, the timeframe for a temporary restraining order is different. While a preliminary injunction remains in effect pending final resolution of the litigation, "a TRO 'should be restricted to … preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer.'" *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

Federal Rule of Civil Procedure 65(b)(1) allows a temporary restraining order to be issued without notice to the opposing party—i.e., *ex parte*—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

## ANALYSIS

As an initial matter, petitioners have satisfied the requirements for issuance of an *ex parte* order. The affidavit of petitioners' counsel demonstrates that they will suffer immediate and irreparable injury, loss, or damage by virtue of their continued detention before respondents can be heard in opposition, and that counsel attempted to contact Civil Division chief Pamela Johann of the United States Attorney's Office for the Northern District of California on September 25, 2025.

With respect to the showing required to justify petitioners' requested relief, they have demonstrated a likelihood of success on the merits of their claim that their ongoing detention violates their procedural due process rights under the Due Process Clause of the Fifth Amendment.[2] The Court recently considered that issue under comparable circumstances in *Pablo*

---

[2] Petitioners ask the Court to prohibit their detention under any circumstances, contending that the government has no valid interest to justify their detention. Because the relief granted herein

3

*Sequen v. Kaiser*, No. 25-CV-06487-PCP, __ F. Supp. 3d __, 2025 WL 2650637 (N.D. Cal. Sept. 16, 2025). For the reasons explained in far greater detail therein, noncitizen like petitioners who were conditionally released into the United States have a significant liberty interest in remaining out of immigration custody. *Id.* at *5. Because each petitioner has resided in the United States for at least 15 months—certainly long enough to "begin[] to develop … ties" and become "a part of our population"—the Fifth Amendment's due process protections apply to that liberty interest. *Id.* at *5 (first quoting *Landon v. Plasencia*, 459 U.S. 21, 32–33 (1982); and then quoting *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903)). The statutory procedures potentially available to petitioners do not satisfy that constitutional mandate. Even assuming that they might receive a post-arrest bond hearing before an immigration judge, there remains a substantial risk that the government is erroneously depriving them of their liberty for so long as they remain detained given that the available record suggests that they are neither a flight risk nor a danger to the public *See id.* at *8; *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Given the apparent lack of a valid basis for petitioners' detention and the limited cost of providing a custody hearing in immigration court, the government has at most a minimal countervailing interest in their continued detention. *See Pablo Sequen*, __ F. Supp. 3d. __, 2025 WL 2650637 at *8; *Garro Pinchi v. Noem*, No. 5:25-cv-05632, __ F.Supp.3d __, 2025 WL 2084921, at *6 (N.D. Cal. July 24, 2025). Taken together, the strength of petitioners' liberty interest, the high likelihood of erroneous deprivation, and the government's minimal countervailing interest demonstrate that petitioners are likely to succeed on the merits of their procedural due-process claim. *See Pablo Sequen*, __ F. Supp. 3d. __, 2025 WL 2650637 at *9; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Petitioners have also demonstrated a likelihood of irreparable injury in the absence of temporary relief due to their ongoing and likely unconstitutional deprivation of liberty. "The loss or threatened infringement upon [constitutional] rights for even minimal periods of time unquestionably constitutes irreparable injury." *Cuviello v. City of Vallejo*, 944 F.3d 816, 832 (9th Cir. 2019) (citation modified). "When an alleged deprivation of a constitutional right is involved,

---

obviates any immediate need for the Court to address this substantive due-process issue, the Court will not do so at this time.

4

1  most courts hold that no further showing of irreparable injury is necessary." *Baird v. Bonta*, 81

2  F.4th 1036, 1042 (9th Cir. 2023) (citation modified). "[I]t follows inexorably from [the Court's]

3  conclusion" that petitioners "will likely be deprived of [their physical liberty unconstitutionally in

4  the absence of the injunction ... that [they] ha[ve] also carried [their] burden as to irreparable

5  harm." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

6        The final two *Winter* factors, the balance of the equities and public interest, merge because

7  the government is the opposing party. These factors also weigh heavily in favor of granting a

8  temporary restraining order. "Because public interest concerns are implicated when a

9  constitutional right has been violated, all citizens have a stake in upholding the Constitution,

10 meaning it is always in the public interest to prevent the violation of a party's constitutional

11 rights." *Baird*, 81 F.4th at 1042 (citation modified). Further, "the Ninth Circuit has recognized that

12 'the costs to the public of immigration detention are staggering.'" *Jorge M. F. v. Wilkinson*, No.

13 21-CV-01434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (citation modified) (quoting

14 *Hernandez*, 872 F.3d at 996). And whereas petitioners are suffering irreparable harm while in

15 detention, the potential harm to the government—at worst, a short delay in detaining petitioners

16 until it makes the requisite showing of necessity before a neutral decisionmaker—is minimal.

17 *See id.* at *3; *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14,

18 2025). In any case, enjoining the government from constitutional violations does not impose harm

19 "in any legally cognizable sense." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

20       Finally, petitioners' immediate release is required to return them to the status quo. The

21 "status quo" refers to the state of the parties' relationship "before the action challenged in the

22 complaint occurred." *Youth 71Five Ministries v. Williams*, No. 24-101, __ F.4th __, 2025 WL

23 2385151, at *5 (Aug. 18, 2025). Here, that is the moment prior to petitioners' likely illegal

24 detention. *See Pablo Sequen*, __ F. Supp. 3d __, 2025 WL 2650637, at *4 n.2; *Kuzmenko v.*

25 *Phillips*, No. 25-CV-00663, 2025 WL 779743, at *2 (E.D. Cal. Mar. 10, 2025) (granting a

26 temporary restraining order requiring immediate release of the petitioner back to home

27 confinement from custody, as a restoration of the status quo).

28       Because petitioners satisfy all of the requirements for temporary injunctive relief and such

1   relief is necessary to restore the status quo, their motion for a temporary restraining order is

2   granted. *See Pablo Sequen v. Kaiser*, No. 25-CV-06487-PCP, 2025 WL 2203419, at *3 (N.D. Cal.

3   Aug. 1, 2025) (collecting similar cases). And because "there is no realistic likelihood of harm to

4   the [respondents] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th

5   Cir. 2003), no security is needed to ensure that respondents will be reimbursed for "costs and

6   damages sustained by … hav[ing] been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

7   The Court exercises its discretion under Rule 65(c) to dispense with the filing of bond. *Jorgensen*,

8   320 F.3d at 919.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioners' motion for a temporary restraining order is **GRANTED** to preserve the status quo pending further briefing and a hearing on this matter. Defendants are **ORDERED** to immediately release petitioners from custody and are **ENJOINED AND RESTRAINED** from re-detaining petitioners without providing them with a pre-deprivation hearing before a neutral decisionmaker. Should defendants choose to conduct such a hearing, defendants are **ORDERED** to provide petitioners with reasonable advance notice of the time and place of the hearing.

This Order shall remain in effect until October 9, 2025, at 5:00pm. The Petition for Writ of Habeas Corpus (Dkt. No. 1), Motion for Temporary Restraining Order (Dkt. No. 2), and this Order **SHALL** be served on defendants such that they receive actual notice as soon as possible. Petitioners shall file proof of service or a status report by no later than September 26, 2025. Defendants shall provide a status report confirming the release of petitioners by no later than September 26, 2025, at 5:00pm.

On October 7, 2025, at 1:00pm, defendants are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue in favor of petitioners. The hearing will be held in-person in Courtroom 8 of this Court's San José courthouse, located at 280 S. 1st Street, San José, CA 95113. Defendants shall file a response to petitioners' motion by no later than September 30, 2025. Any reply shall be filed by October 3, 2025.

**IT IS SO ORDERED.**

Dated: September 25, 2025

_____
P. Casey Pitts
United States District Judge