UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN CHAVARRIAGA ROJAS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SERGIO ALBARRAN, et al.,<br><br>        Defendants. | Case No.  25-cv-08172-PCP<br><br>**ORDER GRANTING IN PART AND DISMISSING IN PART PETITIONERS' PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioners Sebastian Chavarriaga Rojas, Maria Camila Gomez Vasquez, Leon Felipe Hernandez Leal, and Julian David Carvajal Mendoza are or were asylum-seekers who arrived in the United States within the last three years and lived in California in that time. On September 25, 2025, they filed a writ of habeas corpus challenging their arrests by agents of Immigration and Customs Enforcement (ICE), which occurred as they were leaving immigration court in San Francisco and without pre-arrest hearings to determine whether they posed a risk of flight or a danger to the community. *See Chavarriaga Rojas v. Albarran*, 826 F. Supp. 3d 1155, 1161 (N.D. Cal. 2025). The ICE agents acted pursuant to a nationwide practice that courts across the country have consistently and overwhelmingly held is likely unconstitutional.

The Court issued a temporary restraining order requiring the government to release petitioners, enjoining it from re-detaining them without notice and a pre-detention hearing before a neutral decisionmaker and later issued a preliminary injunction providing the same relief. *See id.*

Chavarriaga Rojas, Velasquez Gomez, and Carvajal Mendoza have since left the United States and accordingly stipulate to dismissal of their petition under Federal Rule of Civil Procedure 41(a). The Court accordingly dismisses their habeas claims.

Hernandez Leal's petition remains pending before this Court. Hernandez Leal and the

government agree that he is not currently in 1229a removal proceedings.[1] Hernandez Leal nonetheless requests that the Court issue a final order requiring a pre-deprivation hearing before any future detention. Dkt. No. 24, Petitioners' Reply, at 1. The United States argues that because Hernandez Leal is no longer subject to detention by DHS, his petition is moot. Dkt. No. 22, Respondents' Return, at 5. The government points out that "ICE has declined" to "pursue expedited removal pursuant to 8 U.S.C. § 1225(b)(1)." Return at 4. "To the extent the Court grants [Hernandez Leal] relief," the government argues, "it must limit any injunction to permit the execution of a future final order of removal." Return at 5.

Hernandez Leal's habeas petition is not moot. As the Supreme Court noted in *Nielsen v. Preap*, 586 U.S. 392, 403 (2019), "the threat of re-arrest and mandatory detention" is sufficient to create a continuing case and controversy even where habeas petitioners have received temporary relief.

The Court grants Hernandez Leal's petition for the same reasons stated in its preliminary injunction order. *See Chavarriaga Rojas*, 826 F. Supp. 3d 1155. First, Hernandez Leal continues to have a substantial interest in avoiding the erroneous deprivation of his liberty. *See id.* at 1170 He is not subject to mandatory detention under 8 U.S.C. § 1225(b) and is instead subject to discretionary detention under § 1226(a). *See Rodriguez Vasquez v. Bostock*, _ F.4th _, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Second, the risk of an erroneous deprivation of Hernandez Leal's liberty absent a pre-detention hearing is high because the government still has not provided evidence that might support Hernandez Leal's detention under § 1226(a). *See Chavarriaga Rojas*, 826 F. Supp. 3d at 1170–72. Third, the government's countervailing interest in detaining Hernandez Leal without a pre-detention hearing is minimal because bond hearings are "routine and impose a minimal cost" and the government has not established that Hernandez Leal presents a risk of flight or public danger. *See id.* at 1171–72 (quoting *Pablo Sequen v. Kaiser*, 800 F. Supp. 3d 998, 1012 (N.D. Cal.

---

[1] The Court addressed many of the facts in this matter in *Chavarriaga Rojas v. Albarran*, 826 F. Supp. 3d 1155 (N.D. Cal. 2025).

United States District Court
Northern District of California

2025)).

Accordingly, the Court dismisses the petition as to Sebastian Chavarriaga Rojas, Maria Velasquez Gomez, and Julian Carvajal Mendoza and grants the petition as to Leon Felipe Hernandez Leal. The United States may not detain Hernandez Leal without a pre-detention hearing at which the government establishes by clear and convincing evidence that he constitutes a flight risk or a threat to the public. If the United States later issues a valid final order of removal for Hernandez Leal, the United States may re-detain Hernandez Leal provided that it has obtained a travel document for his removal and followed all procedures set forth in 8 C.F.R. §§ 241.4(*l*), 241.13(i), as well as any other applicable statutory and regulatory procedures. *See Yan-Ling X. v. Lyons*, 2026 WL 1198417, at *1 (E.D. Cal. May 1, 2026).

**IT IS SO ORDERED.**

Dated: August 5, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

3